No. 24-20269

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

*ALISHA STRIFE,*

**Plaintiff-Appellant**

**v.**

*ALDINE INDEPENDENT SCHOOL DISTRICT,*

**Defendant-Appellee**

**On Appeal from the United States District Court for the Southern District of Texas, Houston Division, C.A. No. 4:23-cv-00358**

## APPELLANT'S REPLY BRIEF

Respectfully submitted,

***/s/ Scott Newar***
SCOTT NEWAR
Texas Bar Number 14940900
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181
E-Mail: newar@newarlaw.com

ATTORNEY FOR APPELLANT,
ALISHA STRIFE

i

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................ ii

TABLE OF AUTHORITIES ....................................................... v

INTRODUCTION ................................................................... 1

ARGUMENT ........................................................................ 1

   A.  AISD Misrepresents The Summary Judgment Record, Strife's Second
       Amended Complaint, And Strife's Appellant's Brief ..................... 1

     1.  AISD Omits Undisputed Facts Demonstrating Its Discriminatory Animus
        Against Service Animals And Its Bad-Faith In The "Interactive Process" .
        ................................................................... 1

       a.  By early November 2022, AISD had decided not to approve Strife's
          service dog accommodation request because—despite the undisputed
          evidence—it considered "Inde" to be an "emotional support animal,"
          not a service animal .............................................. 1

       b.  During the "interactive process" AISD never proposed or offered
          Strife *any* "alternative" reasonable accommodation ................ 2

       c.  Smith prevaricated about the reason she went to the VA to question
          Strife's doctors about her accommodation request ................. 3

       d.  By early November 2022 AISD concluded that Strife could perform
          the essential functions of her job but, nevertheless, ordered her to
          submit to an "independent" medical examination .................. 3

       e.  AISD requested TASB advise it of "alternative" accommodations
          "*other than service animals*" ................................... 3

       f.  AISD's counsel drafted AISD's letter approving Strife's service dog
          request *before* the EAC convened on February 24, 2023 ............. 4

     2.  AISD Mispresents The Summary Judgment Record ................. 5

       a.  Strife Did Not Delay In Providing AISD With The Information
          Necessary To Approve Her Accommodation Request ................ 5

b.  Neither Strife Nor Her VA Doctors Were Required To Notify AISD Of "Alternative" Accommodations ......................................................7

c.  AISD Ordered Strife To Submit To An "Independent" Medical Examination To Discriminate And Retaliate Against Her And Interfere With Her ADA Rights ...........................................................8

d.  AISD's Internal Policy Did Not Authorize It To Require Strife To Submit To An "Independent" Medical Examination ...........................9

e.  Strife Notified AISD That She Refused To Submit To An IME By Its Retained Physician..................................................................................10

f.  Strife Adduced Evidence That AISD Forced Her To Work Under Dangerous, Suboptimal Conditions....................................................10

3.  AISD Misrepresents Strife's Second Amended Complaint .....................11

4.  AISD Misrepresents Appellant's Brief .....................................................12

B.  AISD Misstates/Misapplies This Circuit And Other Circuits' ADA Decisions.................................................................................................13

1.  *Loulseged v. Akzo Nobel Inc.*, 174 F.3d 731 (5th Cir. 1999) ....................13

2.  *Schilling v. La. Dept. of Transp. & Dev.*, 662 F.App'x 243 (5th Cir. 2016) ...................................................................................................15

3.  *Griffin v. UPS, Inc.*, 661 F.3d 216 (5th Cir. 2011)...................................16

4.  *Molden v. E. Baton Rouge Parish School Board*, 715 F. App'x 310 (5th Cir. 2017)...............................................................................................17

5.  *Kennedy v. Superior Printing Co.*, 215 F.3d 650 (6th Cir. 2000)............18

6.  *Delaval v. Ptech Drilling Tubulars, LLC*, 824 F3d 476 (5th Cir. 2016)...19

7.  *EEOC v. Agro Distribution*, LLC, 555 F.3d 462 (5th Cir. 2009) .............20

C.  AISD Fails To "Harmonize" Groome ........................................................21

D.  *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277 (11th Cir. 2014) Warrants Reversal ..............................................................................22

E.    This Court Should Not Entertain AISD's Motion For Summary Judgment On Strife's Reasonable Accommodation And Hostile Work Environment Claims Because It Is Not A "Court Of First Review"...................................24

F.    This Court Should Reverse The District Court's Grant Of Summary Judgment On Strife's Discrimination, Retaliation, And Interference Claims .. ..............................................................................................................27

    1.  AISD Subjected Strife To A "Disadvantageous Change" In The Terms, Conditions, And Privileges Of Her Employment....................................27

    2.  AISD's Illegal Conduct Could Have Dissuaded A "Reasonable Worker" From Filing A Charge of Discrimination.................................................29

    3.  Strife Fully Briefed Her ADA "Interference" Claim ..............................30

CONCLUSION ..............................................................................................31

CERTIFICATE OF SERVICE ................................................................33

CERTIFICATE OF COMPLIANCE .......................................................33

# <u>TABLE OF AUTHORITIES</u>

## <u>Cases</u>

*Astralis Condominium Ass'n v. Secretary, United States Department of Housing & Urban Development ex rel. García-Guillén*, <u>620 F.3d 62</u> (1st Cir. 2010) ...........22

*Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, <u>765 F.3d 1277</u> (11th Cir. 2014)6

*EEOC v. Chevron Phillips Chemical Co.*, <u>570 F.3d 606</u> (5th Cir. 2009)...................2

*EEOC v. LHC Group, Inc.*, <u>773 F. 3d 688</u> (5th Cir. 2014).....................................29

*Flowers v. Southern Regional Physician Serv.*, <u>247 F.3d 229</u> (5th Cir. 2001) .......26

*Gipson v. Tawas Police Auth.*, <u>794 F.App'x 503</u> (6th Cir. 2019) ............................9

*Griffin v. United Parcel Service*, <u>661 F.3d 216</u> (5th Cir. 2011) ..............................25

*Groome Res. Ltd. v. Parish of Jefferson*, <u>234 F.3d 192</u> (5th Cir. 2000)..................21

*Hamilton v. Promise Healthcare*, No. 23-30190, <u>2023 WL 6635076</u> (5th Cir. (2023) ...........................................................................................................24

*Hill v. Clayton County Sch. District*, <u>619 F.App'x. 916</u> (11th Cir. 2015)...............26

*Humphrey v. Memorial Hospitals Ass'n*, <u>239 F.3d 1128</u> (9th Cir. 2001)..................2

*Jankowski Lee Associates v. Cisneros*, <u>91 F.3d 891</u> (7th Cir. 1996)......................22

*McCray v. Wilkie*, <u>966 F.3d 616</u> (7th Cir. 2020) .........................................................4

*Parson v. Kaiser Aluminum Chemical Corp.*, <u>575 F.2d 1374</u> (5th Cir. 1978) ..........4

*Peterson v. Linear Controls, Inc.*, 757 F.App'x 370 (5th Cir. 2019) ......................28

*Riel v. Electronic Data Systems Corp.*, 99 F.3d678 (5th Cir. 1996) ........................7

*Smith v. Kendall,* No. 23-50713, 2024 WL 4442040 (5th Cir. October 8, 2024) ....28

*Smith v. McDonough*, No. SA-22-CV-01383-JKP, 2023 WL 5918322 (W.D. Tex. Sept. 8, 2023) ........................................................................................................28

*Taylor v. Phoenixville School Dist.*, 174 F.3d 142 (3rd Cir. 1999) ..........................26

## Other Authorities

42 U.S.C. section 12112(d)(4)(A) ................................................................................9

42. U.S.C. section 12101(a)(7) .................................................................................28

Fed. R. 12(b)(6) .........................................................................................................25

Fed. R. Civ. 12(b)(6) ............................................................................... 17, 18, 19, 20

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 15, 16

Fed. R. Civ. P. 50(a)(1) ............................................................................................15

## INTRODUCTION

For almost six months, AISD denied Alisha Strife—a United States military veteran—the use of her certified service dog at work as a *concededly* reasonable accommodation of the *undisputed* extensive physical and psychological disabilities she sustained while protecting this country. AISD did so because it harbored an illegal, discriminatory animus against service animals.

In its Appellee's Brief, AISD goes to extraordinary lengths to elide/hide this truth, including—as detailed below—misrepresenting, affirmatively and by omission, the summary judgment record, Strife's Second Amended Complaint, Strife's Appellant's Brief, and this circuit and other circuits' ADA decisions. AISD's artful briefing only serves to reinforce this truth.

## ARGUMENT

### A. AISD Misrepresents The Summary Judgment Record, Strife's Second Amended Complaint, And Strife's Appellant's Brief

### 1. AISD Omits Undisputed Facts Demonstrating Its Discriminatory Animus Against Service Animals And Its Bad-Faith In The "Interactive Process"

Although AISD is obligated to present all facts in the light most favorable to Strife, it omits critical *undisputed* facts favorable to her, including:

> **a. By early November 2022, AISD had decided not to approve Strife's service dog accommodation request because—despite the undisputed evidence—it considered "Inde" to be an "emotional support animal," not a service animal**

*See* Appellant's Brief, at 12 and n. 8; 17; 39 and n. 34

This fact is critical—if not, dispositive—because it demonstrates: 1) AISD harbored a discriminatory animus against service animals; 2) AISD was operating in bad-faith in the "interactive" process; and 3) AISD's stated reason for its belated approval of Strife's service dog—to wit, that Strife/her doctors "delayed" providing it with "requisite" information[1]—was pretextual.

### b. During the "interactive process" AISD never proposed or offered Strife *any* "alternative" reasonable accommodation

*See* Appellant's Brief, at 21 and n. 16.

This fact demonstrates: 1) AISD was operating in bad-faith in the "interactive process"; and 2) AISD's stated reason for its belated approval of Strife's service dog—namely, that Strife/her doctors "delayed" providing it with "requisite" information—was/is pretextual. *See EEOC v. Chevron Phillips Chemical Co.*, 570 F.3d 606, 622 (5th Cir. 2009) ("[w]hen an employer does not engage in a good faith interactive process, that employer violates the ADA…"); *Humphrey v. Memorial Hospitals Ass'n*, 239 F.3d 1128, 1138 (9th Cir. 2001) ("[A]n employer fails to engage in the interactive process as a matter of law where

---

[1] *See* Appellee's Brief, at 42

it rejects the employee's proposed accommodations…and offers no practical alternatives.").

**c. Smith prevaricated about the reason she went to the VA to question Strife's doctors about her accommodation request**

*See* Appellant's Brief, at 10-11

Smith's prevarication demonstrates at a minimum: 1) AISD was operating in bad-faith in the "interactive" process; and 2) AISD's stated reason for its belated approval of Strife's service dog—namely, that Strife/her doctors "delayed" providing it with "requisite" information—was pretextual. *See* Appellant's Brief, at 42-43.

**d. By early November 2022 AISD concluded that Strife could perform the essential functions of her job but, nevertheless, ordered her to submit to an "independent" medical examination**

*See* Appellant's Brief, at 13-14

This fact demonstrates that AISD had no justification for requiring Strife to undergo an "independent" medical examination by its retained doctor and, in fact, violated its own internal policy by doing so.[2] AISD's violation of its own internal policy in this respect further evidences pretext. *See* Appellant's Brief, at 43-44.

**e. AISD requested TASB advise it of "alternative" accommodations "*other than service animals*"**

---

[2] *See* Appellant's Brief, at 43-44.

*See* Appellant's Brief, at 13.

This fact demonstrates: 1) AISD harbored a discriminatory animus against service animals; 2) AISD was operating in bad-faith in the "interactive process"; and 3) AISD's stated reason for its belated approval of Strife's service dog—namely, that Strife/her doctors "delayed" providing it with "requisite" information—was pretextual.

**f.   AISD's counsel drafted AISD's letter approving Strife's service dog request *before* the EAC convened on February 24, 2023**

*See* Appellant's Brief, at 23; 40-41

This fact demonstrates that AISD belatedly approved Strife's service dog as a post-lawsuit "remedial measure"—specifically, to avoid entry of a preliminary injunction at the March 9, 2023 hearing—***not*** because, as it claims, it was operating in good-faith in the "interactive process."  *See Parson v. Kaiser Aluminum Chemical Corp.*, 575 F.2d 1374, 1386 (5th Cir. 1978) (cleaned up) ("Actions taken in the face of litigation are equivocal in purpose, motive and permanence…and do not redress the grievances of those injured by the previous practices."); *McCray v. Wilkie*, 966 F.3d 616, 622 (7th Cir. 2020) (reversing Fed. R. Civ. P. 12(b)(6) dismissal on ADA/RA claim where employer delayed for 11 months and only granted accommodation after employee threatened to file a Charge of Discrimination).

### 2. AISD Mispresents The Summary Judgment Record

In its brief, AISD also repeatedly misrepresents the summary judgment record, including the following:

### a. Strife Did Not Delay In Providing AISD With The Information Necessary To Approve Her Accommodation Request

AISD asserts that Strife delayed in in "getting it" the "requisite documents" it needed to approve her service dog request *See* Appellee's Brief, at 42.

AISD's assertion that Strife delayed the "interactive process" is brazenly false. By AISD's own *admission*, Strife provided it on **September 29, 2022**, with the "exact" information it needed to approve her service dog request. *See* ROA.1557 (emphasis added); ROA.1256-1257, at 95:24-96:19; ROA.1116, at 27:25-28:14, at Exhibit 4. Yet, AISD waited until **February 24, 2023**—that is, almost five months later—to approve Strife's request. In short, AISD—and AISD *alone*—was responsible for the delay/constructive denial of Strife's accommodation request.

Indeed, a close reading of AISD's Brief reveals that it implicitly concedes it had received all information necessary to approve Strife's service dog as a reasonable accommodation of her ***psychological*** disabilities well before January 2023. Specifically, in the very next sentence on page 42 of its brief, AISD asserts:

> The record evidence shows AISD did not receive the
> information it needed to evaluate Strife's ***physical***

> *limitations* and how her service dog would be utilized to
> assist with her ***physical limitations*** until January 2023,
> nearly five months after Strife initiated the
> accommodation process.

*See* Appellee's Brief, at 42 (emphasis added)

Notably, AISD does *not* assert there—or anywhere else—that Strife failed to provide it with the information necessary to evaluate her ***psychological*** limitations or how her service dog would assist with *those* limitations. The reason AISD does not make this assertion in its brief is because such an assertion would be untrue—in light of Smith's *admission* that, by **September 29, 2022**, AISD had received the "exact" information it requested to approve Strife's service dog: a letter from Strife's medical doctor (Dr. Gurtej Mann, a VA psychiatrist) attesting to her psychological disability and need for a service dog.

Of course, the ADA does not distinguish between psychological and physical disabilities. The fact that ***AISD*** drew such a distinction—and refused to accommodate Strife's ***psychological*** disabilities by allowing her to work with a service dog—demonstrates beyond cavil that it violated her rights under those laws. *See Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277, 1286 n. 5 (11th Cir. 2014) ("If the Association had all the essential information to make a determination regarding one disabling condition—PTSD—it did not need proof of an additional disability.").

### b. Neither Strife Nor Her VA Doctors Were Required To Notify AISD Of "Alternative" Accommodations

As a corollary to the above argument, AISD repeatedly asserts—as it did in the district court—that Strife and her doctors were required to notify it whether "alternative" accommodations to a service dog existed and that Strife failed to do so until February 15, 2023. *See* Appellee's Brief, at 5; 6; 7; 8; 10; 36; 39; 42; 43; 45; 47.

AISD's assertion is legally baseless.

AISD has cited **no** legal authority for the proposition that a disabled **employee** seeking a reasonable accommodation of his/her disability or the employee's doctor must notify the employer of "alternative" accommodations. Strife is unaware of any such authority.

Rather, as Appellant's Brief notes, the ADA/RA/TLC only require a disabled employee seeking a reasonable accommodation to **propose** to the employer **a** reasonable accommodation. *See* Appellant's Brief, at 39, citing *Riel v. Electronic Data Systems Corp.*, 99 F.3d 678, 684 (5th Cir. 1996) (cleaned up) (emphasis added). Strife and her repeatedly doctors did so: a service dog. [3]

---

[3] Contrary to AISD's assertion, Strife's four VA doctors made clear in their numerous submissions that they had concluded that a service dog was the **only** reasonable accommodation of Strife's psychological and physical disabilities. AISD simply refused to accept her doctors' diagnoses/prescription because—the record reveals—it was dead set on denying Strife the use of her service dog.

Once Strife and her doctors proposed to AISD *a* reasonable accommodation (i.e. service dog), AISD was obligated to provide her with that "preferred" accommodation unless AISD could demonstrate that Strife's "preferred" accommodation posed an "undue hardship." *Id.*

It is undisputed that AISD did not provide Strife with her requested accommodation ("Inde") until February 24, 2023—almost six months after she first requested it—despite the fact that AISD never asserted (and does not now) that "Inde" posed any—let alone, an undue—hardship.

### c. AISD Ordered Strife To Submit To An "Independent" Medical Examination To Discriminate And Retaliate Against Her And Interfere With Her ADA Rights

In its brief, AISD also asserts that "the only reason [it] resorted to the later abandoned medical examination directive is that Strife refused answer the District's repeated requests for complete information and potential alternative accommodations." *See* Appellee's Brief, at 35-36.

Once again, AISD's assertion is false.

On **November 16, 2022**, AISD first ordered Strife to submit to an "independent" medical examination by its retained physician. *See* Appellant's Brief, at 13, citing ROA.462. However, by AISD's own *admission*, by **September 29, 2022**, Strife had provided it with the "exact" information it requested to approve her service dog request: her VA psychiatrist, Dr. Gurtej Mann's, letter

attesting to her PTSD-related disability and her service dog's accommodation of that disability. *See* ROA.1532; ROA.1116, at 28:16-2.[4] Therefore, after September 29, 2022, AISD had no legitimate basis for ordering Strife to submit to an "independent" medical examination.

### d. AISD's Internal Policy Did Not Authorize It To Require Strife To Submit To An "Independent" Medical Examination

In its brief, AISD repeatedly asserts that its internal policy "authorized" it to require her Strife to submit to an independent medical examination by its retained physician. *See* Appellee's Brief, at 36 ("The requested (but abandoned) medical examination was also authorized under AISD Board Policy DBB (Legal) and (Local)."); *Id.*, at 39-40 ("AISD Board Policy DBB (Legal) and (Local) explicitly allows for such medical examinations.").

As Appellant's Brief elucidates,[5] this assertion is also untrue.

---

[4] AISD cites *Gipson v. Tawas Police Auth.*, 794 F.App'x 503 (6th Cir. 2019) to support its contention that the ADA permitted it to require Strife to submit to an "independent" medical examination by its retained physician. In fact, *Gipson* supports Strife's position that it was ***not*** so permitted. Relying on 42 U.S.C. section 12112(d)(4)(A), *Gipson* holds that an employer may compel an employee to undergo such an examination only where the employer proves that the examination is "job-related" *and* "consistent with business necessity." In *Gipson*, the Sixth Circuit held that the IME was job-related and consistent with business necessity because "there was ample evidence that would cause a reasonable person to question whether [the employee] could perform his job." *See Gipson*, 794 F.App'x. at 506. Here, at the time AISD ordered Strife to submit to an IME, it had already determined that she ***could*** perform the "essential" functions of her job. Therefore, AISD's IME was neither job-related nor consistent with business necessity—especially, because it violated AISD's internal policy.

[5] *See* Appellant's Brief, at 43-44.

### e. Strife Notified AISD That She Refused To Submit To An IME By Its Retained Physician

In its brief, AISD also claims that Strife never informed it that she would not submit to the "independent" medical examination by its retained physician that it repeatedly ordered her to undergo and, therefore, violated the ADA's "interactive process." *See* Appellee's Brief, at 7.

This assertion is also false.

On January 6, 2023, Strife's undersigned counsel notified AISD's legal counsel (DeWalt) that Strife would not submit to such an examination because it violated the ADA. *See* ROA.495-496. In any event, a disabled employee does not violate the "interactive process" by failing to provide his/her employer with "irrelevant" information in response to the employer's illegal requests. *See Bhogaita*, 765 F.3d at 1286 ("Neither Bhogaita's silence in the face of requests for information the Association already had nor his failure to provide information irrelevant to the Association's determination can support an inference that the Association's delay reflected an attempt at meaningful review.").

### f. Strife Adduced Evidence That AISD Forced Her To Work Under Dangerous, Suboptimal Conditions

In its brief, AISD also asserts that Strife adduced no summary judgment evidence that it forced her work under dangerous, suboptimal conditions during the 2022-2023 school year. *See* Appellee's Brief, at 33.

This assertion is also untrue.

Strife's VA doctors (Miller and Mann) diagnosed Strife as suffering from PTSD, major depression, and anxiety. They further assessed that her service dog ameliorated these disabling psychological conditions. Therefore, by forcing her to work without her service dog for almost six months, AISD seriously endangered her psychological health.

Strife also adduced videotaped evidence of the steep stair bank she had to ascend to enter her office in AISD's Administration building during the 2022-2023 school year. *See* ROA.1139. In light of Strife's VA doctors' (Makulski and Vandeven) diagnosis that Strife suffered from severe "balance-related" mobility issues, this stair bank posed a significant fall risk and concomitant injury to Strife. *See* ROA.1485.

### 3.  AISD Misrepresents Strife's Second Amended Complaint

In its brief, AISD also misrepresents Strife's Second Amended Complaint.

For example, AISD asserts that, in her Second Amended Complaint, Strife "alleged no more than speculated harm that could have befallen her but did not…" *See* Appellee's Brief, at 16.

In fact, Strife alleged *actual* harm that did "befall" her. Specifically, Strife alleged:

> [AISD's] "knowing, intentional, and purposeful refusal to
> reasonably accommodate [her] disabilit(ies) between

11

August 30, 2022 and February 24, 2023, by allowing her to have and use a service dog at work *seriously endangered and jeopardized [her] physical and psychological health and safety and otherwise forced her to work at AISD under dangerous, suboptimal conditions*.

*See* RE4, at para. 89 (emphasis added)

### 4. AISD Misrepresents Appellant's Brief

In its brief, AISD also misrepresents Appellant's Brief.

For example, AISD repeatedly claims that, in her brief, Strife "admits" that "AISD notified her that it needed information concerning potential alternative accommodations on September 16, 2022…" *See* Appellee's Brief, at 22, 44. AISD claims that Strife makes this "admission" on page 8 of her Appellant's Brief. *See* Appellee's Brief, at 22.

Strife made no such admission. On page 8, Strife stated:

On September 16, 2022, the EAC met to consider Strife's service dog accommodation request. ***The EAC refused to approve Strife's service dog because it hoped to identify "alternative accommodations**..." See* ROA.1417-1418, at Response 2 (emphasis added).

*See* Appellant's Brief, at 8 (emphasis added)

Strife did not admit that AISD ***notified*** her on September 16th—or thereafter-of its surreptitious decision to attempt to identify "alternative accommodations" to her service dog. Indeed, AISD never notified Strife that it was secretly attempting to identify "alternative" accommodations.

**B. AISD Misstates/Misapplies This Circuit And Other Circuits' ADA Decisions**

Throughout its brief, AISD misstates and misapplies this circuit and other circuits' ADA decisions, including the following:

### 1. *Loulseged v. Akzo Nobel Inc.*, <u>174 F.3d 731</u> (5th Cir. 1999)

AISD cites *Loulseged v. Akzo Nobel Inc.*, <u>174 F.3d 731</u> (5th Cir. 1999) to support its contention that Strife failed to sufficiently plead that AISD violated her right to reasonable accommodation. *See* Appellee's Brief, at 14-15.

*Loulseged* is not only factually distinguishable but buttresses Strife's contention that she has asserted viable reasonable accommodation claims.

First, in *Loulseged*, this court affirmed the district court's grant of the defendant/employer's motion for judgment as a matter of law on the plaintiff/employee's ADA reasonable accommodation claim because the panel found that the *plaintiff/employee* bore ***"sole responsibility"*** for the breakdown in the "interactive process," including by unjustifiably resigning before that process concluded. *See Loulseged*, <u>178 F.3d at 738-741</u> (emphasis added).

Here, the evidence abounds that AISD acted in bad-faith throughout the "interactive process," and there is *no* countervailing evidence that Strife failed to act in good-faith during that process.

13

Second, in *dicta*, *Loulseged* buttresses Strife's contention that she sufficiently pled that AISD violated her ADA/RA/TLC rights to reasonable accommodation of her disabilities. Specifically, in footnote 6, this court noted:

> An employer that dragged its feet in [the "interactive process"] could force the employee to work under suboptimal conditions…An employer's delaying of the process under those conditions might create liability. There may be other situations in which there is a pressing need to rapidly address the accommodation issue comprehensively.

*Id.*, at 737 (cleaned up)

Here, Strife pled that AISD "stonewalled"[6] and "knowingly, intentionally, and purposely delayed" and denied her service dog accommodation request.[7] Strife further pled that AISD's "stonewalling" and "knowing, intentional, and purposeful" delay/denial of her service dog request "endangered and jeopardized [her] physical and psychological health and safety and otherwise forced her to work…under dangerous, suboptimal conditions."[8] Under *Loulseged*, these assertions clearly suffice to plead viable ADA/RA/TLC reasonable accommodation claims.

---

[6] *See* RE4, at paras. 45 and 46

[7] *See* RE4, at paras. 88 and 89

[8] *See* RE4 at 89

Third, *Loulseged* was an appeal from the district court's grant of the

defendant/employer's Fed. R. Civ. P. 50(a)(1) motion for judgment as a matter of

law, not—as here—an appeal from the district court's grant of the employer's Fed.

R. Civ. P. 12(b)(6) motion to dismiss. Therefore, the standard of review in

*Loulseged* was far more favorable to the defendant/employer there than the Fed. R.

Civ. P. 12(b)(6) standard of review here.

**2.** ***Schilling v. La. Dept. of Transp. & Dev.*, 662 F.App'x 243 (5th Cir. 2016)**

In its brief, AISD also cites *Schilling v. La. Dept. of Transp. & Dev.*, 662

F.App'x 243 (5th Cir. 2016) (unpublished) to support its contention that Strife

failed to satisfactorily plead a reasonable accommodation claim.

*Schilling*—an unpublished and, therefore, uncontrolling case—

is also easily distinguishable.

First, in *Schilling*, the plaintiff/employee alleged that the employer's delay in

granting her request for a reasonable accommodation of her disability—standing

***alone***—violated the ADA. Here, Strife alleges not only that AISD delayed

approving her service dog request but "constructively denied" it.[9] Strife further

alleges that AISD subjected her to other unlawful ADA/RA/TLC conduct,

---

[9] *See* RE4, at paras. 88, 113, 114, 115

including repeatedly demanding she submit to an "independent" medical examination by its unqualified retained doctor.[10]

Second, the *Schilling* panel expressly *declined* to decide whether delay—standing alone—violated the ADA. *See Schilling*, 662 F.App'x at 246 ("we do not decide whether delay alone may rise to the level of an ADA violation."). Therefore, *Schilling* does not foreclose Strife's reasonable accommodation claim, even assuming that claim is predicated on delay *alone*, which it is *not*.[11]

Third, *Schilling* was an appeal from the district court's denial of a motion to alter judgment and motion for new trial. *Id.*, at 245. Specifically, the plaintiff/employee challenged the trial court's failure to issue her requested jury instructions. Therefore, the standard of review in *Schilling* (abuse of discretion) was more favorable to the defendant/employer there than the Fed. R. Civ. P. 12(b)(6) standard of review here.

### 3. *Griffin v. UPS, Inc.*, 661 F.3d 216 (5th Cir. 2011)

---

[10] *See* RE4, at paras. 1, 57, 58, 62, 64, 66, 67, 68, 69

[11] Although *Loulseged* and *Schilling* do not hold that delay—alone—violates the ADA, this court previously held that "*[w]hen an employer does not engage in a good faith interactive process, that employer violates the ADA…*" *See EEOC v. Chevron Phillips Chemical Co.*, 570 F.3d 606, 622 (5th Cir. 2009) (emphasis added). Under this court's internal rules, one panel may not overrule another. *See Grabowski v. Jackson Cty. Pub. Defenders Office*, 47 F.3d 1386, 1397 (5th Cir. 1995). Therefore, regardless of whether AISD violated Strife's ADA/RA/TLC rights by unreasonably delaying/constructively denying her service dog request, Strife has plausibly alleged that AISD violated her right to reasonable accommodation by engaging in the "interactive process" in bad-faith. *See* RE4, at paras. 45, 46, 88, and 89.

In its brief, AISD also cites *Griffin v. UPS, Inc.*, 661 F.3d 216 (5th Cir. 2011). *See* Appellee's Brief, at 17.

*Griffin* is also easily distinguishable.

First, in *Griffin*, this court affirmed summary judgment for the defendant/employer on the plaintiff/employee's reasonable accommodation because—it held—the employee was *not* disabled. *See Griffin*, 661 F.3d at 223-224. Here, it is *undisputed* that Strife *is* disabled.

Second, the *Griffin* panel held that, "even assuming" the plaintiff/employee was disabled, his reasonable accommodation claim failed because "[t]here [was] simply no evidence that UPS was unwilling to engage in a good-faith, interactive process…regarding his request for a reasonable accommodation." *Id.*, at 224-225. Here, Strife's Second Amended Complaint—and the summary judgment record— abounds with allegations/evidence that AISD engaged in the "interactive process" in bad-faith.

Third, *Griffin* involved an appeal from the district court's grant of summary judgment to the employer. Therefore, the summary judgment standard of review was more favorable to the defendant/employer there than the Fed. R. Civ. 12(b)(6) standard of review here.

4. ***Molden v. E. Baton Rouge Parish School Board*, 715 F. App'x 310, 316 (5th Cir. 2017)**

In its brief, AISD also cites *Molden v. E. Baton Rouge Parish School Board*, 715 F. App'x 310, 316 (5th Cir. 2017) (unpublished). *See* Appellee's Brief, at 21.

*Molden*—an unpublished and, therefore, uncontrolling case— is also easily distinguishable.

First, unlike here, the defendant/employer in *Molden* granted the plaintiff/employee *multiple* accommodations and did so *before* the plaintiff/employee commenced legal action against it.

Second, unlike Strife, the *Molden* plaintiff did not allege and adduced no evidence that the employer's failure to accommodate his putative disabilities seriously endangered his physical/psychological health and safety; that there was a pressing need to accommodate him; or that the failure to accommodate him forced him to work under dangerous, suboptimal conditions.

Third, *Molden* involved an appeal from the district court's grant of summary judgment to the employer. Therefore, the standard of review there was more favorable to the defendant/employer there than the Fed. R. Civ. 12(b)(6) standard of review here.

### 5. *Kennedy v. Superior Printing Co.*, 215 F.3d 650 (6th Cir. 2000)

In its brief, AISD also cites *Kennedy v. Superior Printing Co.*, 215 F.3d 650 (6th Cir. 2000). *See* Appellee's Brief, at 23.

AISD asserts that *Kennedy* involved "virtually identical circumstances." *Id.* This assertion is also untrue.

In *Kennedy*, the defendant/employer required the plaintiff/employee to undergo an independent medical examination to "confirm" whether the plaintiff/employee actually suffered from a disability. *See Kennedy*, 215 F.3d at 656. Here, AISD repeatedly ordered Strife to undergo an "independent" medical examination despite *conceding* that Strife suffered from a disability. Furthermore, AISD's IME directive violated its own internal policy.[12]

In any event, *Kennedy* involved an appeal from the district court's grant of summary judgment to the employer. Therefore, the standard of review there was more favorable to the defendant/employer there than the Fed. R. Civ. 12(b)(6) standard of review here.

### 6. *Delaval v. Ptech Drilling Tubulars, LLC*, 824 F3d 476 (5th Cir. 2016)

In its brief, AISD also cites *Delaval v. Ptech Drilling Tubulars, LLC*, 824 F3d 476 (5th Cir. 2016). *See* Appellee's Brief, at 26. According to AISD, *Delaval* stands for the proposition that "the employer is free to choose among effective accommodations and to request sufficient information sufficient to validate the request." *Id.*

---

[12] *See* Appellant's Brief, at 13-14; 43-44

*Delaval* does not stand for this proposition.

In *Delaval*, this court affirmed summary judgment for the defendant/employer on the plaintiff/employee's reasonable accommodation claim because the employee "fatally hindered" the "interactive process" by failing to provide—before his termination—any medical documentation substantiating his purported disability and need for an accommodation. *See Delaval*, 824 F.3d at 482.

Here, it is undisputed that Strife and her doctors repeatedly provided AISD with extensive medical—and other—evidence of her disabilities and need for a service dog.

In any event, *Delaval* involved an appeal from the district court's grant of summary judgment to the employer. Again, the summary judgment standard of review was more favorable to the defendant/employer there than the Fed. R. Civ. 12(b)(6) standard of review here.

### 7. *EEOC v. Agro Distribution*, LLC, 555 F.3d 462 (5th Cir. 2009)

In its brief, AISD cites *EEOC v. Agro Distribution, LLC,* 555 F.3d 462 (5th Cir. 2009) to support its contention that it satisfied its burden of production on Strife's discrimination, retaliation, and interference claims. *See* Brief, at 43.

*Agro* is also easily distinguishable.

In *Agro*, the employer offered and afforded the plaintiff/employee a reasonable accommodation. *See Agro*, 555 F.3d at 472 ("Agro provided him with

reasonable accommodation by allowing him to take breaks as necessary to cool himself off."). Here, AISD never offered or provided Strife with *any* accommodation—let alone, a reasonable one—until after she filed two lawsuits against it and, even then, only on the eve of a preliminary injunction hearing.

### C. AISD Fails To "Harmonize" Groome

In its brief*,* AISD attempts to "harmonize" *Groome Res. Ltd. v. Parish of Jefferson*, 234 F.3d 192 (5th Cir. 2000). *See* Appellee's Brief, at 24-25. AISD's attempt fails.

In *Groome*, this court held that a "violation [of the Fair Housing Act] occurs when the disabled resident is first denied a reasonable accommodation, irrespective of the remedies granted in subsequent proceedings. ***This denial can be both actual or constructive, as an indeterminate delay has the same effect as an outright denial.***" *See Groome*, 234 F.3d at 199 (cleaned up) (emphasis added)

AISD claims that *Groome* is distinguishable because it involved the denial of a reasonable accommodation under the *Fair Housing Act* and "contains no analysis of whether there is an interactive process required of FHA claims akin to the requirement in employment accommodation claims." *See* Appellee's Brief, at 24.

Although *Groome* contains no such analysis, the FHA and the ADA's "reasonable accommodation" provisions are *in pari materia*. Indeed, courts

construing the FHA have interpreted that statute as also requiring parties to engage in an "interactive process" with respect to a disabled individual's request for a reasonable housing accommodation. *See*, e.g., *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277 (11th Cir. 2014) (cleaned up) ("It is incumbent upon a skeptical defendant to request documentation or open a dialogue rather than immediately refusing a requested accommodation…"); *Astralis Condominium Ass'n v. Secretary, United States Department of Housing & Urban Development ex rel. García-Guillén*, 620 F.3d 62, 68-69 (1st Cir. 2010) ("The circumstances permit a reasonable inference that Astralis effectively short-circuited the interactive process); *Jankowski Lee Associates v. Cisneros*, 91 F.3d 891, 895 (7th Cir. 1996) (same as *Groome*). Therefore, this circuit and other circuits' FHA reasonable accommodation decisions apply with equal force to ADA/RA reasonable accommodation claims.

### D. *Bhogaita v. Altamonte Heights Condo. Ass'n, Inc.*, 765 F.3d 1277 (11th Cir. 2014) Warrants Reversal

*Bhogaita* warrants reversal.

In *Bhogaita*, the plaintiff—a military veteran who likewise suffered from PTSD as a result of his miliary service—requested that his condominium homeowner's association reasonably accommodate his psychological disability by allowing him to live with his emotional support dog, whose weight exceeded the association's limit. In support of the plaintiff's reasonable accommodation request,

the plaintiff's psychiatrist provided the association with two letters attesting to the plaintiff's PTSD and his need for the dog's service as an emotional support animal.

Nevertheless, the association continued to demand that the plaintiff and his psychiatrist provide it with additional information regarding his psychological condition and the dog's amelioration of that condition. When the plaintiff failed to provide the association with any additional information, the association threatened to commence legal action against the plaintiff. Thereafter, the plaintiff filed a discrimination complaint with HUD. In response, the association agreed to allow the plaintiff to keep his dog.

The plaintiff sued the association under the Fair Housing Act. The district court granted the plaintiff's summary judgment motion on his FHA reasonable accommodation claim, finding that the plaintiff had provided the association with "sufficient information" regarding his disability and his dog's accommodation of that disability and that the association's "indeterminate delay, evidenced by escalating requests for information, amounted to a constructive denial of [his] request" for a reasonable accommodation. *See Bhogaita*, 765 F.3d at 1284. Thereafter, a jury awarded the plaintiff compensatory damages for the association's violation of his FHA right to reasonable accommodation. *Id.*

On appeal, the Eleventh Circuit affirmed the district court's grant of the plaintiff's summary judgment motion. The Eleventh Circuit held that the

association's failure to approve the plaintiff's accommodation request within six

months—during which time it continued to demand "extraneous information"

about the plaintiff's disability—constituted a "constructive denial" of that request.

*Id.*, at 1287.

*Bhogaita* is on all fours with this case. [13]

Therefore, *Bhogaita* warrants reversal of the district court's grant of AISD's

motion to dismiss and motion for summary judgment.

> ### E. This Court Should Not Entertain AISD's Motion For Summary Judgment On Strife's Reasonable Accommodation And Hostile Work Environment Claims Because It Is Not A "Court Of First Review"

In its brief, AISD also seeks to have this court entertain its motion for

summary judgment on Strife's reasonable accommodation and hostile work

environment claims, despite the fact the district court did ***not*** entertain—let alone,

grant—its motion for summary judgment on those claims. *See* Appellee's Brief, at

20-26. This court should decline to do so.

It is well-settled that this court is a "court of review, not of first review." *See*

*Hamilton v. Promise Healthcare*, No. 23-30190, 2023 WL 6635076, at *4 (5th Cir.

2023). Therefore, since the district court did not entertain—let alone, grant—

AISD's motion for summary judgment on those claims, this court should decline to

---

[13] Pun intended.

do so as well. *Id.* (reversing and remanding grant of defendant/employer's motion to dismiss because factual "disputes appear better suited for resolution by summary judgment than on a Rule 12(b)(6) motion…").[14]

Assuming *arguendo* this court were to entertain AISD's motion for summary judgment on Strife's reasonable accommodation and hostile work environment claims—which Strife vigorously opposes—this court should deny AISD's motion on those claims—for the reasons Strife advances in her Response to AISD's summary judgment motion,[15] which she incorporates herein by reference.[16]

More specifically—as her Appellant's Brief and her summary judgment Response elucidate—Strife raised a genuine issue of material fact that AISD constructively denied her a reasonable accommodation of her psychological and physical disabilities for almost six months. AISD's constructive denial violates the

---

[14] AISD cites *Griffin v. United Parcel Service*, 661 F.3d 216, 221 (5th Cir. 2011)for the proposition that this court may—in the first instance (i.e. without the trial court having done so either explicitly or implicitly)—convert a Fed. R. 12(b)(6) motion into a motion for summary judgment. *See* Appellee's Brief, at 20. *Griffin* does *not* stand for this proposition, and AISD cites no other authority for this proposition.

[15] *See* ROA.1064-1108

[16] *See* ROA.1087-1093; ROA.1106-1107.

ADA/RA/TLC's "reasonable accommodation" requirement. *See* Appellant's Brief, at 25-30, 33-48; *Groome*, *CPChem*, *Loulseged*, and *Bhogaita*, *supra*.[17]

Additionally, Strife raised a genuine issue of material fact that AISD subjected her to disability-based and retaliation-based harassment through its protracted delay and constructive denial of her request for a reasonable accommodation of her disabilities; its repeated attempts to force her to undergo an invasive medical examination by its unqualified retained physician; and its ever-increasing, pretextual demands that she provide extraneous medical information to support her service dog request. *See Flowers v. Southern Regional Physician Serv.*, 247 F.3d 229, 235-236 (5th Cir. 2001); *cf. Gowesky v. Singing River Hosp. Sys.*, 321 F.3d 503, 510 (5th Cir. 2003).[18]

---

[17] *See also Hill v. Clayton County Sch. District*, 619 F.App'x. 916 (11th Cir. 2015) (unpublished) (Reversing grant of summary judgment to defendant/employer on failure-to-accommodate claim because there was a genuine issue of fact that employer's two month delay in providing reasonable accommodation to plaintiff/employee violated the ADA); *Taylor v. Phoenixville School Dist.*, 174 F.3d 142, 163-164 (3rd Cir. 1999) ("When an employee has evidence that the employer did not act in good faith in the interactive process, however, we will not readily decide on summary judgment that accommodation was not possible and the employer's bad faith could have no effect.").

[18] AISD cites *Gowesky* for the proposition that "the unrealized medical examination directive, ***standing alone***, is not harassment." *See* Appellee's Brief, at 19 (emphasis added). Yet, AISD's repeated demands that Strife submit to an "independent" medical examination by its unqualified, retained physician—in violation of its own policy—did ***not*** stand alone. Rather, AISD conjoined those illicit demands with other forms of harassment: including requiring Strife to work for a protracted period under dangerous, suboptimal conditions; illegally demanding that she submit additional medical evidence from her doctors to support her clear entitlement to a service dog; and delaying/denying her service dog application for almost six months.

**F. This Court Should Reverse The District Court's Grant Of Summary Judgment On Strife's Discrimination, Retaliation, And Interference Claims**

In its brief, AISD also argues that this court should affirm the district court's grant of summary judgment on Strife's discrimination, retaliation, and interference claims. *See* Appellee's Brief, at 29-49. For the reasons advanced in Appellant's Brief and below, this court should reject AISD's argument.

**1. AISD Subjected Strife To A "Disadvantageous Change" In The Terms, Conditions, And Privileges Of Her Employment**

AISD asserts that this court should affirm the district court's grant of summary judgment on Strife's ADA/RA/TLC discrimination and retaliation claims and on her ADA interference claims because there is no genuine issue of material fact that it subjected Strife to an "adverse" action. *See* Appellee's Brief, at 29-40.

AISD's argument is baseless.

Assuming *arguendo Muldrow* and/or *Hamilton* apply to Strife's discrimination, retaliation, and interference claims, those case require Strife only to raise a genuine issue of material fact that AISD subjected her to a "disadvantageous change" in the terms, conditions, or privileges of her employment. *See* Appellant's Brief, at 34-36.

As Strife's Appellant's Brief notes, AISD subjected her to a "disadvantageous change" in the terms, conditions, and/or privileges of her employment by: 1) constructively denying her a needed reasonable

accommodation of her disabilities; 2) unjustifiably forcing her to work under

dangerous, suboptimal conditions; and 3) repeatedly attempting to force her to

undergo an invasive medical examination by its unqualified retained physician. *See*

*Smith v. Kendall,* No. 23-50713, 2024 WL 4442040 (5th Cir. October 8, 2024),

citing approvingly *Smith v. McDonough*, No. SA-22-CV-01383-JKP, 2023 WL

5918322, at *5 (W.D. Tex. Sept. 8, 2023) (employer's unfair scrutiny of plaintiff's

work and revocation of telecommuting agreement may constitute "adverse"

employment actions); *Peterson v. Linear Controls, Inc.*, 757 F.App'x 370, 373 (5th

Cir. 2019) (per curiam), *cert. dismissed* 140 S.Ct. 2841 (2020) (forcing black

employees to work outside without water while allowing white employees to work

inside with air conditioning constitutes adversity).

　　AISD's argument—and the district court's holding—that Strife did not

suffer any "disadvantageous change" in the terms or conditions of her employment

because she never ***actually*** fell at work or suffered a psychological breakdown

before AISD finally allowed her to have/use her service dog at work is troubling, at

best. One of the purposes of the ADA, RA, and TLC is to ensure that disabled

individuals are not further physically or psychologically disadvantaged or harmed

by their working conditions. *See* 42. U.S.C. section 12101(a)(7) ("The Congress

finds that the Nation's proper goals regarding individuals with disabilities are to

assure equality of opportunity, full participation, independent living, and economic

self-sufficiency for such individuals"). To this end, it well-settled that a disabled

employee need ***not*** prove that she suffered an "adverse" employment action to

assert a viable reasonable accommodation claim. *See EEOC v. LHC Group, Inc.*,

773 F. 3d 688, 703 n. 6 (5th Cir. 2014) (emphasis added) ("A failure-to-

accommodate claim provides a mechanism to combat workplace discrimination

even when the employee in question has ***not*** suffered adverse employment

action.").

### 2. AISD's Illegal Conduct Could Have Dissuaded A "Reasonable Worker" From Filing A Charge of Discrimination

In its brief, AISD argues—and the district court held[19]—that Strife's

ADA/RA/TLC retaliation claims fail because she filed a Charge of Discrimination

and, therefore, cannot prove that a "reasonable worker" "might well have been

dissuaded from doing so by an employer's disability-based discrimination." *See*

Appellee's Brief, at 38-39.

AISD's argument and the district court's holding are misguided.

It cannot be seriously maintained that a "reasonable" disabled worker—

especially, one who lacked the wherewithal to obtain legal counsel—***"could well"***

be dissuaded from filing an EEOC Charge if the worker knew that she would be

ordered to undergo a highly invasive medical examination by his/her ***employer's***

---

[19] *See* RE3, at 13.

*retained physician* and to have his/her accommodation request further delayed, if not denied.

### 3. Strife Fully Briefed Her ADA "Interference" Claim

AISD also argues this court should affirm the district court's grant of summary judgment on Strife's ADA "interference" claim because—it claims—"Strife made no substantive argument to support" that claim and, therefore, has "forfeited" that argument. *See* Appellee's Brief, at 48.

AISD's argument is baseless.

In her Second Amended Complaint, Strife asserted an ADA "interference" claim. *See* RE4, at para. 119(e). Additionally, in her summary judgment Response, Strife fully briefed that "interference" claim. *See* ROA.1070 (emphasis added) ("AISD's…*interference* with Strife not only denied her the rights and protections afforded by the ADA, the RA, and the TLC but seriously endangered her physical and psychological health and safety."); ROA.1105  (emphasis added) ("Strife has established a *prima facie* case that AISD subjected her to both disability discrimination and retaliation/*interference* in violation of the ADA, RA, and TLC."); *Id*. ("Strife's prima facie case of discrimination and retaliation/*interference*—combined with the substantial pretext evidence—suffices to establish a genuine issue of material fact that, "but for" AISD's discriminatory animus against service animals and its retaliatory animus against Strife for seeking

to enforce her ADA/RA/TLC rights, AISD would not have actually/constructively denied her service dog accommodation request."); ROA.1096 at n. 25 (emphasis added) ("Strife's ADA *interference* claim (*see* 42 U.S.C. section 12203(b)) is distinct from her ADA retaliation claim."); ROA.1107 n. 31 (emphasis added) ("Strife asserts and maintains that "pattern"/"practice" evidence is admissible to prove her ADA, RA, and TLC discrimination, retaliation, and *interference* claims.").

Furthermore, in her summary judgment Response, Strife adduced substantial evidence that AISD interfered with her in the exercise and enjoyment of her ADA rights. *See* ROA.1096, at n. 25 (incorporating by reference all facts underlying her ADA retaliation claim).

## CONCLUSION

For these reasons and those asserted in her Appellant's Brief, Plaintiff/Appellant, Alisha Strife, respectfully requests this court reverse the district court's June 13, 2024 Order and remand this case for a trial by jury.

Respectfully submitted,


*/s/ Scott Newar*
SCOTT NEWAR
Texas Bar Number 14940900
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: (713) 226-7950
Fax: (713) 226-7181
E-Mail: newar@newarlaw.com

ATTORNEY FOR APPELLANT,
ALISHA STRIFE



**Of Counsel**

Dennis Herlong
Texas Bar No. 09510500
440 Louisiana, Suite 900
Houston, Texas 77002
Telephone: 713-228-9222
Fax: 713-228-9226
E-Mail: lawfirm@dennisherlong.com

## CERTIFICATE OF SERVICE

I hereby certify that, on November 6, 2024, I served Appellant's Reply Brief upon Aldine Independent School District, via the 5th Circuit's e-filing system in accordance with Rule 25 of the Federal Rules of Appellate Procedure.

*/s/ Scott Newar*

## CERTIFICATE OF COMPLIANCE

I hereby certify that the instant Appellant's Reply Brief complies with this Court's type-volume limitations. The Reply Brief contains a total of 6,484 words and is 31 pages long using Times New Roman 14 point type (body) and 12 point type (footnotes).

*/s/ Scott Newar*